## Staley *v.* Staley, Appellant.

*Use and occupation—Real estate—Possession—Adverse holding—Ejectment.*

In an action for the use and occupation of a house, a judgment for the plaintiff will be reversed where it appeared that both parties claim title to the property under a will; that the defendant had been in possession of the premises from the day of the death of the testator; that the plaintiff had never been in possession and that the defendant is holding adversely to the alleged title of the plaintiff.

The plaintiff's remedy, if any, is by an action of ejectment, in which he may recover mesne profits.

Even although such question was not raised in the court below, it is fundamental and the Superior Court must decide accordingly.

Argued October 8, 1925. Appeal No. 56, October T., 1925, by defendant from judgment of the Municipal Court of Philadelphia County, November T., 1923, No. 209, on verdict for plaintiff in the case of George Washington Staley, Sr. v. Elsie Stetson Staley. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Action for the use and occupation of real estate. Before LEWIS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $450.00 and judgment thereon. Defendant appealed.

*Errors assigned* was refusal of defendant's motion for judgment n. o. v. nunc pro tunc.

*Thomas C. Egan,* and with him *Wolf, Patterson, Block & Schorr,* for appellant.

*Arthur Hagen Miller,* for appellee.

OPINION BY PORTER, J., December 14, 1925:

This is an action by the plaintiff to recover of the defendant for use and occupation of the premises No. 41 North Wilton St., Philadelphia. Plaintiff recovered a judgment in the court below and the defendant appeals.

It clearly appears from the pleadings and evidence in this case that each of these parties claims title under the will of Mary Jane Staley, deceased; that the defendant has been in possession of the premises from the day of the death of the testator; that the plaintiff never has been in possession; and that the defendant is holding adversely to the alleged title of the plaintiff. This being so the plaintiff is not entitled to recover in this action for use and occupation of the premises; his remedy, if any, is by an action of ejectment, in which action he may recover mesne profits. This question does not seem to have been raised in the court below, but it is fundamental. The third assignment of error refers to the action of the court in entering judgment for the plaintiff and must be sustained.

The judgment is reversed.